Ryan P. Harley, Esq. (State Bar Number 245059)
Joshua A. Cohen (State Bar No. 180293)
Michelle C. Jackson (State Bar Number 170898)
COLLINS + COLLINS LLP
2175 N. California Boulevard, Suite 835
Walnut Creek, CA 94596
(510) 844-5100 - FAX (510) 844-5101
Email: rharley@ccllp.law
Email: jcohen@ccllp.law
Email: mjackson@ccllp.law

Attorneys for Defendant
APARTMENT MANAGEMENT CONSULTANTS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### _____ DIVISION

| | |
|---|---|
| ROSA NAVARRO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APARTMENT MANAGEMENT CONSULTANTS, LLC, a Utah limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>**DEFENDANT APARTMENT MANAGEMENT CONSULTANTS, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA**<br><br>**[28 U.S.C. § 1446(d)]**<br><br>[Superior Court of the State of California, County of Alameda, Case No. 23CV055222] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Apartment Management Consultants, LLC ("AMC" or "Defendant") hereby removes this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

///

///

24367

**Procedural History and Timeliness of Removal**

1.     On December 8, 2022, Rosa Navarro ("Plaintiff"), on behalf of herself and a purported class of all similarly situated individuals, filed a civil action in the Superior Court of the State of California, County of San Diego, entitled *Rosa Navarro v. Apartment Management Consultants, LLC*, Case No. 37-2022-00049211-CU-OR-CTL.  (Declaration of Michelle C. Jackson ("Jackson Decl.") ¶ 2, Ex. 1 (SDSC Complaint).) Despite being filed in the County of San Diego, the Complaint itself specifically stated the matter was venued in Alameda County because the acts complained of occurred in the County of Alameda and Plaintiff's injuries were sustained in Alameda County. (*Id*., p.1:12-17.)

2.     On January 5, 2023, Defendant received a copy of the SDSC Complaint.  (Jackson Decl. ¶ 3, Ex. 2 (Proof of Service).)

3.     On February 3, 2023, Defendant filed a Notice of Removal in the United States District Court for the Southern District of California, on February 3, 2023. (Jackson Decl. ¶ 4, Ex. 3.) Removal was pursuant to Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) and 1453(b) ("CAFA"). Defendant was barred from filing a Removal in the Northern District of California, even though Plaintiff admitted the matter belonged in Alameda County, since removal of State court actions can only be "for the district and divisions within which such action is pending." 28 U.S.C. § 1446(a).

4.     On March 14, 2023, in San Diego County Superior Court, Defendant filed a Notice of Filing of Notice of Removal in the United States District Court for the Southern District of California. (Jackson Decl. ¶ 5, Ex. 4.)

5.     On February 10, 2023, in the Southern District of California, Defendant filed a Motion to Dismiss and/or Transfer Plaintiff's Southern District of California Complaint. (Jackson Decl. ¶ 6, Ex. 5.)

6.     On February 27, 2023, Plaintiff filed a Motion for Remand in the Southern District of California. (Jackson Decl. ¶ 7, Ex. 6.)

7.     On February 27, 2023, in the Southern District of California, Plaintiff filed an Opposition to Defendant's Motion to Dismiss and/or Transfer of Plaintiff's SDSC Complaint to the Southern District of California. (Jackson Decl. ¶ 8, Ex. 7.)

///

*24367*

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

8.      On March 6, 2023, Defendant filed a Reply Brief in Support of Motion to Dismiss and/or Transfer Plaintiff's Complaint to the Southern District of California. (Jackson Decl. ¶ 9, Ex. 8.)

9.      On March 13, 2023, in the Southern District of California, Defendant filed an Opposition to Plaintiff's Motion for Remand. (Jackson Decl. ¶ 10, Ex. 9.)

10.     On March 20, 2023, Plaintiff filed a Reply Brief in Support of Motion for Remand. (Jackson Decl. ¶ 11, Ex. 10.)

11.     On June 16, 2023, the US District Court Southern District of California's issued its Order: Granting in Part and Denying in Part Motion to Transfer and/or Dismiss; and Denying Motion to Remand as Moot. (Jackson Decl. ¶ 12, Ex. 11.) The Court denied Plaintiff's Motion to Remand, while granting in part and denying in part Defendant's Motion to Dismiss or Transfer. The Court denied Defendants' motion to dismiss, based on lack of subject-matter jurisdiction, remanding back to State court. (*Id.*)

12.     On June 26, 2023, at 6:09 PM, Plaintiff filed an Amended Class Action Complaint Seeking Declarative Relief, Damages, Injunctive Relief and Restitution in San Diego County Superior Court (the "First Amended Complaint"). (Jackson Decl. ¶ 13, Ex. 12.)   This Complaint once again indicates this matter belonged in Alameda County, because the acts complained of occurred in the County of Alameda and Plaintiff's injuries were sustained in Alameda County, its caption references the County of Alameda. (*Id.*, p.1:12-19.)

13.      On June 27, 2023, at 9:07AM, Plaintiff filed an Amended Class Action Complaint Seeking Declarative Relief, Damages, Injunctive Relief and Restitution in San Diego County Superior Court on June 27, 2023.  This Complaint now references County of San Diego in the Caption (the "First Amended Complaint") (Jackson Decl. ¶ 14, Ex. 13.) Note that this should have been called the Plaintiff's Second Amended Complaint and was filed without leave of court in violation of CCP section 472. (*Id.*)

14.     On June 27, 2023, Plaintiff served Defendant with the Proof of Service for Plaintiff's Amended Complaint, filed in San Diego County Superior Court. (Jackson Decl. ¶ 15, Ex. 14.)

15.     On August 14, 2023, Defendant filed and served its Motion for Stay of Discovery or

*24367*

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite 835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

1    in the Alternative For A Protective Order. (Jackson Decl. ¶ 16, Ex. 15.)

2        16.    On August 21, 2023, Plaintiff filed in San Diego County Superior Court, an *Ex Parte*

3    Application to Transfer Venue, or Alternatively, for Order Shortening Time to Hear Noticed Motion to

4    Transfer. (Jackson Decl. ¶ 17, Ex. 16.)

5        17.    On August 21, 2023, Defendant filed in San Diego County Superior Court it's Objection

6    to Plaintiff's *Ex Parte* Application. (Jackson Decl. ¶ 18, Ex. 17.)

7        18.    On September 11, 2023, in San Diego County Superior Court, Plaintiff filed a Motion to

8    Transfer Venue to Alameda County Superior Court on the basis that all of Plaintiff's injuries, and

9    Defendant's violations of Civil Code section 1950.5 occurred in Alameda County. (Jackson Decl. ¶ 19,

10   Ex. 18.)

11       19.    On September 25, 2023, in San Diego County Superior Court, Defendant filed an

12   Opposition to Plaintiff's Motion to Change Venue to Alameda County Superior Court. (Jackson Decl. ¶

13   20, Ex. 19.)

14       20.    On September 25, 2023, in San Diego County Superior Court, Plaintiff filed an

15   Opposition to Defendant's Motion to Quash Service of Summons or to Stay or Dismiss. (Jackson Decl.

16   ¶ 21, Ex. 20.)

17       21.    On September 28, 2023, in San Diego County Superior Court, Specially Appearing

18   Defendant filed a Motion to Quash Service of Summons or to Stay or Dismiss Action. (Jackson Decl. ¶

19   22, Ex. 21.)

20       22.    On September 29, 2023, in San Diego County Superior Court, Defendant filed a Reply

21   to Opposition Re: Motion to Quash Service of Summons or to Stay or Dismiss Action. (Jackson Decl. ¶

22   23, Ex. 22.)

23       23.    On September 29, 2023, in San Diego County Superior Court, Plaintiff filed a Reply in

24   Support of Motion to Transfer Venue to Alameda County Superior Court. (Jackson Decl. ¶ 24, Ex. 23.)

25       24.    On October 6, 2023, the San Diego County Superior Court issued its Minute Order

26   Granting Plaintiff's Motion to Transfer Venue to Alameda County Superior Court. (Jackson Decl. ¶ 25,

27   Ex. 24.)  The Court noted that since the motion to transfer venue was heard before Defendant's motion

28   to quash, the transfer operates as a stay of the matter, and therefore the motion to quash should be heard

24367

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

4

NOTICE OF REMOVAL

1  after the transfer of the case. (*Id.*)

2      25.    On November 30, 2023, the San Diego County Superior Court transferred *Rosa Navarro*

3  *v. Apartment Management Consultants*, San Diego County Superior Court Case No. 37-2022-

4  00049211-CU-OR-CTL, to Alameda County Superior Court. On December 12, 2023, Alameda County

5  Superior Court received the matter and assigned a new case number of 23CV055222. (Jackson Decl. ¶

6  26, Ex. 25.)

7      26.    On December 12, 2023, the Alameda County Superior Court filed the *Rosa Navarro,*

8  *individually and on behalf of all others similarly situated v. Apartment Management Consultants, LLC,*

9  Case No. 23CV055222, Amended Class Action Complaint. (Jackson Decl. ¶ 27, Ex. 26.)

10      27.    On January 15, 2024, the Notice of Case Assignment and Notice of Case Management

11  Conference in *Rosa Navarro, individually and on behalf of all others similarly situated v. Apartment*

12  *Management Consultants, LLC,* Case No. 23CV055222, was sent to Defendant without a proof of

13  service, and on February 1, 2024 a proof of service was received. (Jackson Decl. ¶ 28, Ex. 27.)

14      28.    On February 13, 2024, Defendant filed the Notice of Filing of Notice of Removal

15  (without exhibits) in the Superior Court of the State of California, County of Alameda (Jackson Decl. ¶

16  29, Ex. 28.).

17      29.    On February 13, 2024, in the Northern District of California, Defendant filed the Notice

18  of Removal to the United States District Court for the Northern District of California.  The Court

19  assigned case number 3:24-cv-00856. (Jackson Decl. ¶ 30, Ex. 29.)

20      30.    On February 20, 2024, in the Northern District of California, Defendant filed the

21  Motion to Dismiss for Failure to State a Claim. (Jackson Decl. ¶ 31, Ex. 30.)

22      31.    On February 29, 2024, in the Northern District of California, Defendant filed the Re-

23  Notice of Motion to Dismiss for Failure to State a Claim. (Jackson Decl. ¶ 32, Ex. 31.)

24      32.    On March 12, 2024, in the Northern District of California, Defendant filed the Reply

25  in Support of Motion to Dismiss for Failure to State a Claim, indicating that no Opposition from Plaintiff

26  had been filed and served. (Jackson Decl. ¶ 33, Ex. 32.)

27      33.    On March 13, 2024, in the Northern District of California, Plaintiff filed the Objection

28  to Defendant's Reply in Support of Motion to Dismiss for Failure to State a Claim. (Jackson Decl. ¶ 34,

*24367*

**COLLINS + COLLINS** LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

Ex. 33.)

34.   On March 16, 2024, the Northern District of California Court issued the following Order regarding Plaintiff's Objection to Defendant's Reply in Support of Motion to Dismiss for Failure to State a Claim :

> ORDER re 15 : The Court is in receipt of Plaintiff's Objection. Counsel's calculation of the deadline for Plaintiff's opposition brief is incorrect. Further, the Objection does not comport with Civil Local Rule 6-1 regarding requests for extensions of time. Nonetheless, the Court will permit Plaintiff to file her opposition brief no later than 4:00 p.m. on Friday, March 15, 2024. Defendant may file a reply brief no later than 4:00 p.m. on Friday, March 29, 2024. Signed by Judge Araceli Martinez-Olguin on March 13, 2024. (This is a text-only entry generated by the court. There is no document associated with this entry.) (amolc3, COURT STAFF) (Filed on 3/13/2024) (Entered: 03/13/2024)

(Jackson Decl. ¶ 35)

35.   On March 13, 2024, in the Northern District of California, Plaintiff filed the Motion for Remand to Alameda County Court.  (Jackson Decl. ¶ 36, Ex. 34.)

36.   On March 14, 2024, in the Northern District of California, Plaintiff filed the Opposition to Defendants' Motion to Dismiss for Failure to State a Claim.  (Jackson Decl. ¶ 37, Ex. 35.)

37.   On March 27, 2024, in the Northern District of California, Defendant filed the Opposition to Plaintiff's Motion for Remand. (Jackson Decl. ¶ 38, Ex. 36.)

38.   On March 29, 2024, in the Northern District of California, Defendant filed the Supplemental Declaration in support of Defendants Notice of Removal. (Jackson Decl. ¶ 39, Ex. 37.)

39.   On March 29, 2025, in the Northern District of California, Defendant filed the  Reply to Motion to Dismiss for Failure to State a Claim. (Jackson Decl. ¶ 40, Ex. 38.)

40.   On April 1, 2024, in the Northern District of California, Defendant filed the Declaration in Support of Reply to Defendants Motion to Dismiss for Failure to State a Claim. (Jackson Decl. ¶ 41, Ex. 39.)

41.   On April 3, 2024, in the Northern District of California, Plaintiff filed the Reply to the Motion for Remand.  (Jackson Decl. ¶ 42, Ex. 40.)

42.   On April 10, 2024, in the Northern District of California, the Court issued an Order granting Plaintiff's Motion for Remand and terminating Defendant's Motion to Dismiss for Failure to

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite 835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

1    State a Claim.  (Jackson Decl. ¶ 43, Ex. 41.)

2        43.    On April 10, 2024, in the Northern District of California, the clerk issued a letter to

3    the Alameda Superior Court informing the Court that it had issued an order to remand to Alameda

4    Superior Court, and enclosed certified copies of docket entries and remand order. (Jackson Decl. ¶

5    44, Ex.42).

6        44.    On April 15, 2024, in the Alameda County Superior Court, Plaintiff filed the Notice of

7    Remand.   (Jackson Decl. ¶ 45, Ex. 43).

8        45.    On May 15, 2024, in the Alameda County Superior Court,  Defendant filed the Demurrer

9    to the First Amended Complaint (Jackson Decl., Ex. 44.)

10        46.    On June 5, 2024, in the Alameda County Superior Court, Plaintiff filed the Opposition

11    to  Demurrer to the First Amended Complaint. (Jackson Decl., Ex. 45.)

12        47.    On June 11, 2024, in the Alameda County Superior Court, Defendant filed the Reply to

13    Demurrer to First Amended Complaint (Jackson Decl., Ex. 46.)

14        48.    On June 11, 2024, in the Alameda County Superior Court, the Court issued an order

15    designating the matter as complex.  (Jackson Decl., Ex. 47.)

16        49.    On July 31, 2024, in the Alameda County Superior Court,  issued an Order Overruling

17    in Part and Sustaining with Leave to Amend in Part Defendant's Demurrer to First Amended Complaint,

18    filed in the Alameda County Superior Court on July 31, 2024 (Jackson Decl., Ex. 48.)

19        50.    On August 30, 2024, in the Alameda County Superior Court, Plaintiff filed, but did not

20    serve, the Second Amended Class Action Complaint Seeking Declaratory Relief, Damages, Injunctive

21    Relief and Restitution in San Diego County Superior Court (the "Second Amended Complaint").

22    (Jackson Decl. ¶ 51, Ex. 49.)

23        51.    On September 18, 2024, Plaintiff filed the Proof of Service of the Second Amended

24    Complaint, which indicates that the Second Amended Complaint was served by Plaintiff on Defendant

25    on September 18, 2024 (Jackson Decl., Ex. 50.)

26        52.    On September 24, 2024,  Defendant filed the Notice of Filing of Notice of Removal

27    (without exhibits) in the Superior Court of the State of California, County of Alameda (Jackson Decl. ¶

28    53, Ex. 51.)

*24367*

NOTICE OF REMOVAL

53.     Apartment Management Consultants, LLC is the only Defendant in this action (Jackson Decl.).

### Basis for Removal Jurisdiction

54.     <u>Generally</u>.  This action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 1453(b), for at least the following reasons noted below.

55.     <u>Covered Class Action</u>.  Plaintiff brings this action as a class action pursuant to California Civil Code of Procedure § 382, on behalf of herself and all other similarly situated persons in the subclasses. (Second Amended Complaint ¶ 63.) Plaintiff lists **174 apartment complexes** owned and/or operated by Defendant, as the locations where the putative plaintiffs reside. (Second Amended Complaint, ¶ 9.)  Plaintiff's Second Amended Complaint identifies two subclasses of putative plaintiffs: (1) Unsubstantiated-Charges Class: which encompasses **all former residents** of Defendant's 174 California properties whose leaseholds were terminated between December 9, 2018 to the date of trial, and had **at least $125** of their security deposit retained for cleaning, repairs, and/or other charges; and (2) Excessive Late Fee Class: which includes **all current and former residents** of Defendant's 174 California properties, who were subject to Defendants' Excessive Late Fee policy between December 9, 2018 and the date of trial. (Collectively referred to as "Plaintiff Class".) (Second Amended Complaint, ¶¶ 11, 63 & 64, *emphasis added*.)  This action meets the CAFA definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure, or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).

56.     <u>Diversity</u>.  The minimal diversity standard of CAFA is met so long as any defendant is a citizen of a state different from any member of the putative class of plaintiffs.   28 U.S.C. § 1332(d)(2)(A).  Minimal diversity is also met if any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and defendant is a citizen of a State.  28 U.S.C. § 1332(d)(2)(B).

a.     Plaintiff alleges she is a citizen of California.  (Second Amended Complaint, ¶ 5.)  The putative class includes all **former** and current residents of Defendants' California properties, which would include citizens of every other state as well as citizens of one or more foreign states. (Second Amended Complaint, ¶ 63.)

*24367*

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

b.      As of the date the Second Amended Complaint was filed in Alameda County Superior Court, and the date of this Removal, Defendant is a Utah limited liability company with its principal place of business in Utah.  (Declaration of Joel Zenger ("Zenger Decl."), Ex. 1, ¶ 2.)  Defendant is headquartered in Utah, and Utah is the state where Defendant's high-level officers direct, control and coordinate the activities of Defendant.  (*Id.*)  *See* 28 U.S.C. § 1332(d)(10); *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 426, fn. 2 (5th Cir. 2014); *Bartels by & through Bartels v. Saber Health Grp., LLC*, 880 F.3d 668, 673, fn. 2 (4th Cir. 2018); *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).  Plaintiff acknowledges that Defendant is a Utah limited liability company, with business operations in Utah.  (Second Amended Complaint, ¶ 7.)

c.      Accordingly, this action satisfies the diversity requirements of CAFA,  28 U.S.C. § 1332(d)(2)(A), since Plaintiff alleges that at least 1 member of the purported class of plaintiffs (citizens of all states and all foreign states) is a citizen of a state different from any one defendant (citizen of Utah).

57.      For the first time, as of the service of the Second Amended Complaint, Plaintiff has alleged the relevant terms of the contract that the pleading alleges that the Defendant's violated, and which terms the Plaintiff alleges violate California law. See Decl. of  Jackson at paragraph 51, Exhibit 49 at paragraph 79 alleging the late fee is illegal, and paragraph 61 incorporating the Residential Lease Agreement (the "Agreement"), and the amount of the late fee of twenty-five dollars ($25) at page 1 of the Agreement, and the terms at paragraph 7 at page 9 of the Agreement – which states that the parties "agree it would be impractical or extremely difficult to fix the actual damage to us and that the Late Charge is a reasonable estimate of the actual damages that the parties reasonable believe would occur as a result of late payment."  This lease language matches the allowable terms per CCP section 1671 as set forth in paragraph 77 of Ex. 49.  For the first time the complaint sets forth by incorporation of the Agreement the amount of the security deposit which has remained vague in all prior pleadings.

58.      Only now upon service of the recently amended complaint (Ex. 49 served per Ex. 50) is plaintiff's standing actually plead as required with an alleged injury in fact. The Complaint as amended recently now states what the alleged late fee charged to Ms. Navarro is claimed to be, as this was never previously stated. By including the terms of the Lease Agreement the recently filed complaint establishes for the first time an actual amount of a late fee charge of $25.00 by incorporation of the Lease. See prior

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

complaint Ex. 13 at paragraph 60 which does not state the amount of any late fee, merely calling it excessive, and note that at paragraph 40 the complaint admits that penalties of a few cents lost interest would be warranted. The complaint now includes what security deposit the plaintiff alleges was withheld, which was never stated in the prior complaints,  and which previously alleged only that charges including the security deposit at move-in exceeded $2,000. See Jackson Decl. ¶ 12, Ex. 11 p.2 lines 15-23, where the Southern District Court established by its citations there, that the removing party bears the burden of establishing Plaintiff's standing, including "that the plaintiff must have suffered an 'injury in fact'. The complaint as recently amended finally establishes the existence of a security deposit at issue and thus for the first time establishes an 'injury in fact', as opposed to a speculative amount never stated in previous complaints. See Ex. 13 at ¶ 43 stating that the security deposit is approximate.  This Notice of Removal to the United States District Court – Northern District of California is therefore timely as it is only now that the standing of the plaintiff, with an actual injury in fact has been plead.  *See* 28 U.S.C. § 1446(b)(1) (removal is timely if filed within 30 days of defendant's receipt of the amended pleading). This was the first opportunity that Defendant had to file a Motion for Removal to the Northern District of California, now that the matter properly sets forth the terms of the relevant contracts at issue which was filed in Alameda County and served on Defendant.

59.    <u>Amount in Controversy – Alleged Compensatory Damages</u>.  This Court has original jurisdiction over a class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  The claims of the individual class members are aggregated to determine whether the matter in controversy requirement is met.  28 U.S.C. § 1332(d)(6).  Where, as here, the Second Amended Complaint does not specify the amount of damages sought, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount of controversy in its notice of removal." *Ibarra v. Manheim Invs.,* 775 F.3d 1193, 1197-1198 (9th Cir. 2015).  No submission of evidence accompanying the removal notice is required.  *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014). Defendant's burden requires "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart,* 574 U.S. at 89.

///

24367

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

60. Plaintiff asserts three causes of action against Defendant: (1) Unlawful Retention of Residential Security Deposits (Civil Code § 1950), (2) Unfair Business Competition (Business and Professions Code § 17200, et seq.), and (3) Unlawful Liquidated Damages (Civil Code § 1671). Amongst the remedies sought are the return of the security deposits that Plaintiff and the Plaintiff Class paid to Defendant (Second Amended Complaint, ¶ 91), and the late fees paid by Plaintiff and the Plaintiff Class members to Defendant (Second Amended Complaint, ¶ 92) which includes all current and former residents at each of the 174 apartment complexes.

    a. Plaintiff identifies 174 apartment complexes, with multiple individual units, and alleges "thousands of Plaintiff Class members in total, and a sufficiently numerous amount in each of the proposed subclasses." (Second Amended Complaint, ¶¶ 9, 63(a), emphasis added.) Plaintiff claims that she paid a security deposit and other charges of "approximately more than $2,000." (Second Amended Complaint, ¶ 43.) Plaintiff also makes a general claim of being charged a late fee, "in the same amount for each instance when her rent was paid late, regardless of the amount or number of days late." (Second Amended Complaint, ¶ 60.)

    b. Plaintiff's Second Amended Complaint notes that the different members of the Plaintiff Class may have incurred different amounts in monetary damages, for example some members of the Unsubstantiated-Charges Class may have incurred $125 in damages, while others may have more due to Defendant's policies and practices related to security deposits. (Second Amended Complaint, ¶ 64.) Additionally, members of the Excessive Late Fee Class may have incurred multiple late fees while others only incurred one. (Id.)

    c. Defendant disputes Plaintiff's allegations, and disputes liability to Plaintiff or to the putative class. Without conceding any merit to Plaintiff's damages allegations or causes of action, a plain reading of the Second Amended Complaint demonstrates that the amount in controversy exceeds $5,000,000 for purposes of removal. Just estimating the return of $2,000 in security deposits, and at least $125 in late fees for

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

1    the "thousands" of alleged class members, puts the amount in controversy far in excess

2    of the $5,000,000 jurisdictional limitations under CAFA.

3    29. <u>Amount in Controversy – Alleged Statutory Damages</u>.  Plaintiff seeks penalties pursuant

4    to Civil Code section 1950.5 (1), which is twice the amount of the security deposit, in addition to

5    actual damages (Second Amended Complaint, ¶ 93).  Plaintiff also seeks damages pursuant to Civil

6    Code section 3345, which allows treble damages for unfair business acts or practices or unfair

7    methods of competition as to senior citizens, disabled persons, or veterans. (Second Amended

8    Complaint, ¶ 94.)  While Defendant disputes that penalties are warranted in this case, this Court

9    should consider the alleged statutory penalties in determining that the amount in controversy in this

10   case exceeds $5,000,000.  Assuming there are a minimum of 2,000 ("thousands") claimants from the

11   174 apartment complexes, with a $2,000 deposit each, that adds up to $4,000,000, which becomes

12   $8,000,000 due to the penalties under Civil Code section 1950.5 (1).  Then adding on the $125 late

13   fee for the 2,000 claimants the ultimate amount becomes $8,250,000, well over the $5,000,000 CAFA

14   requirement. Further, Joel Zenger has confirmed under oath that the amount in controversy, without

15   any penalty added, already exceeds $5,000,000. Decl. of Joel Zenger ¶ 3.

16   30. <u>Amount in Controversy – Alleged Attorneys' Fees</u>.  Plaintiff also seeks an award of

17   attorneys' fees and expenses pursuant to Code of Civil Procedure section 1021.5.  (Second Amended

18   Complaint, ¶ 97.)  While Defendant disputes that any attorneys' fees are recoverable, this request

19   should be included in determining the amount in controversy.  *See Fritsch v. Fritsch Transp. Co. of*

20   *Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (reversing remand and holding that "attorneys' fees

21   are at stake in the litigation, and must be included in the amount in controversy").

22   31. Accordingly, based on Plaintiff's allegations and the scope of the class, which consists of

23   all former and current residents of **174 apartment complexes** (Second Amended Complaint, ¶ 9),

24   over approximately five plus years, the $5,000,000 amount in controversy requirement is satisfied

25   here, exclusive of interest and costs, as noted above.

26   32. <u>CAFA Exceptions Do Not Apply</u>.  Remand is not mandated as Defendant is not a citizen

27   of California which is the state in which the action was originally filed.  28 U.S.C. § 1332(d)(4).

28   ///

*24367*

**COLLINS + COLLINS** LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Notice to State Court**

33. A copy of this Notice of Removal was filed with the Clerk of the Superior Court of the State of California, Alameda County, as required by 28 U.S.C. § 1446(d).   (Jackson Decl., Ex. 51)

**Intradistrict Assignment**

34. Assignment of this action to the United States District Court for the Northern District of California is appropriate because this action is currently filed in the Superior Court of the State of California, Alameda County.

Accordingly, Defendant respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.  By filing this Notice of Removal, Defendant does not waive, either expressly or implicitly, its right to assert any defense which it could have asserted in the Superior Court of the State of California for the County of Alameda.

DATED:  September 27, 2024

COLLINS + COLLINS LLP

By: _____

MICHELLE C. JACKSON
RYAN P. HARLEY
JOSHUA A. COHEN
Attorneys for Defendant
APARTMENT MANAGEMENT
CONSULTANTS, LLC

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,            )
                               )  ss.
County of Los Angeles.          )

     I am employed in the County of Los Angeles.  I am over the age of 18 and not a party to the within action.  My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, California 91101.

     On this date, I served the foregoing document described as **DEFENDANT APARTMENT MANAGEMENT CONSULTANTS, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on September 27, 2024  at Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Anna Yogore*

ANNA M. YOGORE
**ayogore@ccllp.law**

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

**Rosa Navarro v. Apartment Management Consultants, LLC**
**USDC Northern District of California Case Number: _____**
**CCLLP File Number: 24367**

**<u>SERVICE LIST</u>**

Jeffrey L. Hogue, Esq.
Tyler J. Belong, Esq.
HOGUE & BELONG
710 Laurel Street
San Diego, CA 92101
619-238-5720 – Fax 619-238-5260
jhogue@hoguebelonglaw.com
tbelong@hoguebelonglaw.com
**Attorneys for Plaintiff Rosa Navarro and all others similarly**
**situated**

*24367*

**COLLINS + COLLINS** LLP
2175 N. California Blvd., Suite
835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101