JEFFREY L. HOGUE (SBN 234557)
TYLER J. BELONG (SBN 234543)
**HOGUE & BELONG**
3555 5th Avenue, Suite 300
San Diego, CA 92103
Phone: (619) 238-4720
Fax:    (619) 238-5260

Attorneys for Plaintiff and all others similarly situated.

R. ERNEST MONTANARI (SBN 152209)
MICHELLE C. JACKSON (SBN 170898)
TREVOR B. MCCANN (SBN 243724)
**COLLINS & COLLINS LLP**
2175 N California Boulevard, Suite 835
Walnut Creek, CA 94596
Phone: (510) 844-5100
Fax: (510) 844-5101

Attorneys for Defendant APARTMENT
MANAGEMENT CONSULTANTS, LLC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| ROSA NAVARRO, individually and on behalf of all others similarly situated; and ROES 1 through 100 inclusive,<br><br>Plaintiff,<br><br>v.<br><br>APARTMENT MANAGEMENT CONSULTANTS, LLC, a Utah limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-06829-AMO<br>*[Hon. Araceli Martinez-Olguin]*<br><br>**JOINT STIPULATION TO CONTINUE DISCOVERY CUTOFF AND EXPERT DISCLOSURE DEADLINES**<br><br><br>Complaint Filed:    December 8, 2022<br>Trial Date:         December 8, 2026 |

-i-

JOINT STIPULATION TO CONTINUE DISCOVERY CUTOFF AND EXPERT DISCLOSURE DEADLINES

# I. INTRODUCTION

Plaintiffs Rosa Navarro and Nihla Olsem, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendant Apartment Management Consultants, LLC ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit this Joint Stipulation to Continue the Discovery Cutoff and Expert Disclosure and Cutoff Deadlines (the "Joint Stipulation") and respectfully request that the Court grant the relief set forth herein.

# II. PROCEDURAL BACKGROUND

This is a putative class action that was originally filed in state court on December 8, 2022, and was removed to this Court on September 27, 2024. On April 17, 2025, the Court held a case management conference at which both Parties appeared through their respective counsel of record. The Parties have since engaged in ongoing discovery, so they can be in position to mediate and to brief the motion for class certification.

As part of the discovery process, the Parties have engaged in extensive meet-and-confer efforts regarding the discovery and production of records, including, without limitation, (i) the Class List (i.e., contact information for the putative class); (ii) all moveout records for a representative 10% sample group of tenant moveouts (i.e., all records provided to putative class members to substantiate all deductions to their security deposit at time of moveout; this includes, without limitation, all moveout statements, purchase orders, upon moveout); (iii) all records requested regarding the late fees charged to the 10% sample group of putative class members; and (iv) other requested documents – e.g., tenant dispute correspondence regarding amounts allegedly withheld from their security deposits and/or their late fees, and electronic database(s) containing information about if and when Defendant received and/or paid vendor invoices. (*See, e.g.,* Dkt 47.)

Defendant maintains that it timely produced all records according to the Court's Order on Response Deadline (Dkt. 47). Plaintiffs dispute Defendant's position and maintain that Defendant

-1-

produced one of three sets of *electronic* records in March 2026, not in December 2025. Regardless, there is no dispute that Defendant's *electronic* records have now been produced.

However, for those records Defendant maintains in *paper* format only, there is a dispute. Defendant maintains that it "produced" them to Plaintiff pursuant to Federal Rule of Civil Procedure, Rule 34, by informing Plaintiffs that they can go to Defendant's dozens of different apartment complexes and retrieve and copy the paper records at a then-estimated cost of more than $1 Million. (*See Jackson v. United Artists Theatre Circuit, Inc.,* 278 F.R.D. 586 (2011); *see also Chambers v. Whirlpool Corporation,* 290 F.3d 645 (2020)) Plaintiffs dispute that Defendant's offer qualifies as "production" of the responsive paper records. Accordingly, once this dispute became apparent, the parties began extensively meeting and conferring on this issue for the past several months. Through these efforts, the parties have identified vendors that are believed to be able to scan and provide the extensive responsive paper records at a fraction of the original estimated cost, but the parties need additional time to vet the third-party vendors and cost estimates, in order to determine if a stipulation can be reached.

Importantly, the electronically stored responsive records do *not* include any of the invoices, receipts, bills or other substantiating records that Defendant alleges it sent to the vacating tenants in the sample group. Such records are directly relevant to the crux of the claims and defenses in this lawsuit and, according to Defendant, such records are maintained *only* in hard copy (i.e., paper) form, thus - according to the latest vendor estimates received in the last week – will cost approximately hundreds of thousands of dollars to scan so Plaintiffs can review them.

The parties have been and continue to diligently meet and confer over the scope of these crucial hard copy records. The parties meet and confer efforts have been via email, telephone and via zoom video conference. Their meet and confer process has necessitated, among other things, obtaining various vendor estimates for the scanning of the paper records and negotiations among the

JOINT STIPULATION TO CONTINUE DISCOVERY CUTOFF AND EXPERT DISCLOSURE DEADLINES

parties toward a potential resolution. The parties anticipate they will either reach an agreement or impasse within the next 2 weeks. If they reach an impasse, the parties will promptly file a joint discovery motion with the Court pursuant to the Court's rules.

Regardless whether the parties reach a stipulation or impasse within the next two weeks, they will need a significant amount of additional time within which to complete discovery of these hard copy records – including having a vendor physically retrieve and scan these paper records, allow counsel time to analyze all of those records, allow the parties' experts time to analyze the records, and time to prepare and exchange expert reports. Additionally, once the document production is complete, the parties will need to complete depositions of Plaintiffs and of Defendant's Rule 30(b)(6) witnesses and key employees, among other discovery.

The parties presently anticipate that once a stipulation is reached or a Court order is entered to resolve the present dispute over cost, timing and scope of production of the responsive paper records, the parties will need approximately at least 60 days for a third-party vendor to scan and produce all of the records, and another 90 days for the parties and their experts to review and prepare expert reports regarding these crucial records.

The currently calendared deadlines relevant to this Stipulation are as follows:

- April 30, 2026: Expert Designation Cutoff;
- June 30, 2026: Discovery Cutoff;
- October 1, 2026: Motion for Class Certification Filing Deadline;
- October 15, 2026: Opposition to Motion for Class Certification Filing Deadline;
- October 23, 2026: Reply in support of Motion for Class Certification Filing Deadline;
- November 19, 2026: Hearing on Motion for Class Certification.

Based on all of the foregoing, the parties agree that they need to continue the Expert Designation deadline and the Discovery Cutoff. However, they do not presently foresee the need to continue the Motion for Class Certification hearing and briefing schedule.

JOINT STIPULATION TO CONTINUE DISCOVERY CUTOFF AND EXPERT DISCLOSURE DEADLINES

## IV. GOOD CAUSE FOR CONTINUANCE

Good cause exists to continue the Discovery Cutoff and Expert Disclosure Deadlines and for the following reasons:

First, the parties have made diligent efforts to conduct discovery and have made significant progress toward resolving their outstanding discovery dispute regarding the production of the indispensable paper records (*i.e.,* moveout records such as invoices, receipts, bills, purchase orders, rate sheets, etc.) – the Parties have met and conferred no fewer than 20 times via email, telephone and, most recently, via Zoom. However, despite diligent efforts from both parties, the dispute – while narrowed – is not yet fully resolved and, accordingly, Plaintiffs have not yet received copies of the responsive paper records.

Second, the discovery dispute at issue involves detailed questions regarding the scope, method, timing, and cost of the retrieval, scanning and production of the hard copy records for a sample group from a large class of putative class. The parties, therefore, require further time to see if they can informally resolve this issue or to have the Court weigh-in on the appropriate means of resolving it.

Third, regardless of whether the parties reach an informal resolution or a Court-influenced resolution in the next three weeks, they will still need a substantial amount of additional time to actually retrieve, scan, review and allow experts time to analyze and prepare reports because these records are all saved in hard copy only.

Fourth, the requested continuance is not only essential but modest given the amount of work involved in obtaining and reviewing the voluminous paper records;

Fifth, the requested extension of the Expert Exchange and Discovery Cutoff Deadlines will *not* cause a continuance of any other dates or deadlines in this case and will *not* unduly delay the resolution of this matter.

Sixth, the continuance will allow the Parties the additional time necessary to resolve the impasse, complete the necessary document production, conduct the remaining discovery, and prepare for class certification briefing and mediation.  Without this additional time neither party will be prepared to mediate or brief the class certification issue.

## V. JOINT STIPULATION

Based on the foregoing, the Parties hereby stipulate and agree, subject to Court approval, as follows:

1. The Expert Disclosure and Cutoff Deadline is hereby continued to August 15, 2026.

2. The Discovery Cutoff Deadline is hereby continued to September 30, 2026.

3. The Parties will continue to meet and confer in good faith to resolve the outstanding document production issues and any other discovery-related matters.

4. If the Parties are unable to resolve their disputes through the meet-and-confer process, they will promptly seek the Court's assistance through the appropriate procedures.

## VI. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court approve this Joint Stipulation and enter an order continuing the Discovery Cutoff and Expert Disclosure and Cutoff Deadlines as set forth above.

Dated: March 25, 2026          **HOGUE & BELONG**

By: _____
TYLER J. BELONG
JEFFREY L. HOGUE
Attorneys for Plaintiffs

Dated: March 25, 2026          **COLLINS & COLLINS LLP**

By: _____
TREVOR B. MCCANN
R. ERNEST MONTANARI
MICHELLE C. JACKSON
Attorneys for Defendant

-5-

## ORDER

Upon stipulation of the parties, with good cause appearing, **IT IS HEREBY ORDERED** that expert disclosure and discovery cutoff deadlines are continued to August 15, 2026 and September 30, 2026, respectively.  All other dates and deadlines remain unaltered.

**IT IS SO ORDERED.**

DATED: 3/31/2026 

_____
HONORABLE ARACELI MARTÍNEZ-OLGUÍN

-6-
JOINT STIPULATION TO CONTINUE DISCOVERY CUTOFF AND EXPERT DISCLOSURE DEADLINES