JEFFREY L. HOGUE (SBN 234557)
jhogue@hoguebelonglaw.com
TYLER J. BELONG (SBN 234543)
tbelong@hoguebelonglaw.com
**HOGUE & BELONG**
3555 5th Avenue, Suite 300
San Diego, CA 92103
Phone: (619) 238-4720
Fax: (619) 238-5260

Attorneys for Plaintiff and all others similarly situated.

R. ERNEST MONTANARI (SBN 152209)
MICHELLE C. JACKSON (SBN 170898)
TREVOR B. MCCANN (SBN 243724)
**COLLINS & COLLINS LLP**
2175 N California Boulevard, Suite 835
Walnut Creek, CA 94596
Phone: (510) 844-5100
Fax: (510) 844-5101

Attorneys for Defendant APARTMENT MANAGEMENT CONSULTANTS, LLC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO**

| | |
|---|---|
| ROSA NAVARRO, individually and on behalf of all others similarly situated; and ROES 1 through 100 inclusive,<br><br>Plaintiff,<br><br>v.<br><br>APARTMENT MANAGEMENT CONSULTANTS, LLC, a Utah limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 4:24-cv-06829-AMO<br>*[Hon. Araceli Martínez-Olguín]*<br><br>**JOINT STIPULATION TO CONTINUE ALL DATES AND DEADLINES**<br><br>Complaint Filed: December 8, 2022 |

## I. INTRODUCTION

Plaintiffs Rosa Navarro and Nihla Olsem, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendant Apartment Management Consultants, LLC ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit this Joint Stipulation to Continue All Dates and Deadlines (the "Joint Stipulation") and respectfully request that the Court grant the relief set forth herein. The basis for the requested relief is that Defendant has been unable to produce the stipulated and Court-ordered tenant files by the deadline ordered by the Court (July 1, 2026), and represents that it requires an additional 60 days from today's date to complete that production. More specifically, as of the filing of this Joint Stipulation, the Defendant has produced the first and second batches of its rolling production of electronic copies of the paper moveout records which the Court identified for production on November 30, 2025 (*see* Dkt. 47); however, based on Defendant's analysis and the analysis of its third-party production vendor, KLDiscovery, Defendant estimates that it will not be able to complete its production of the tenant moveout files for the 10% sample group until approximately October 1, 2026 – the same date that Plaintiffs' Motion for Class Certification is presently due to be filed. And, the first expert exchange and discovery cutoff deadlines are August 15, 2026 and September 30, 2026, respectively. Accordingly, Plaintiff cannot possibly be in a position to analyze the yet-produced voluminous production, complete depositions, prepare expert reports, and draft the Motion for Class Certification and all supporting records within the deadlines set forth in the present Scheduling Order.

Rather than engaging in motion practice and sanction requests in response to the delayed production, Plaintiffs have chosen to jointly request a pragmatic solution that will result in the production of the long-awaited tenant moveout records, without depriving Plaintiff the time necessary to prepare for filing motion for class certification. The parties agree that Plaintiffs should not be prejudiced as a result of the Defendant's production taking much longer than expected and

ordered.

The parties regret that the status of the outstanding production will necessitate a continuance of various dates in this case, but do not see any other option at this point. The parties have previously sought and received one continuance – but only for the expert exchange and discovery cutoff deadlines. The parties have never before sought any continuances on any of the Class Certification Motion hearing and briefing deadlines.

**II. PROCEDURAL BACKGROUND RE: THE REQUESTED CONTINUANCE**

This is a putative class action that was originally filed in state court on December 8, 2022, and was removed to this Court on September 27, 2024. On April 17, 2025, the Court held a case management conference at which both Parties appeared through their respective counsel of record. The Parties have since engaged in ongoing discovery, so they can be in position to mediate and to brief the motion for class certification. On September 9, 2025, the Court Ordered a Briefing Schedule for the Motion for Class Certification. The parties have never before sought to continue the dates and deadlines for the Class Certification Briefing Schedule.

As part of the discovery process, the Parties engaged in extensive meet-and-confer efforts regarding the discovery and production of records, including, without limitation, (i) the Class List (i.e., contact information for the putative class); (ii) "all moveout records for a representative 10% sample group of tenant moveouts (i.e., all records provided to putative class members to substantiate all deductions to their security deposit at time of moveout; this includes, without limitation, all moveout statements, purchase orders, upon moveout)", as provided in Dkt. 47 (the "Sample Group Moveout Records"); (iii) all records requested regarding the late fees charged to the 10% sample group of putative class members; and (iv) other requested documents – e.g., tenant dispute correspondence regarding amounts allegedly withheld from their security deposits and/or their late fees, and electronic database(s) containing information about if and when Defendant received and/or

paid vendor invoices. (*See*, *e.g.*, Dkt 47.)

On October 17, 2025, Defendant was ordered to produce the Sample Group Moveout Records for the 10% sample group by November 30, 2025. (Dkt. 47) However, thereafter, a dispute arose regarding what constituted production of those records to Plaintiff – Plaintiff maintained that per the Parties' stipulation and the Court's October 17, 2025 Order (Dkt. 47) Defendant had the duty to serve Plaintiffs with an electronic copy of the Sample Group Moveout Records, while Defendant maintained that informing Plaintiff that the records were available in paper form for Plaintiff to come copy at hundreds of locations throughout the State satisfied Defendant's duty to provide the records. After extensive meet and confer efforts the parties briefed the issue for the Magistrate Judge (Dkt Nos. 52 and 53) and, on June 2, 2026, the Magistrate Judge rejected Defendant's argument and ordered "Defendant to produce the responsive documents for the ten percent sample of Plaintiffs' class to Plaintiffs by July 1, 2026." (Dkt. No. 57.)

Thereafter, on June 16, 2026, Defendant filed a Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge, effectively challenging the Magistrate Judge's June 2nd Order. On June 22, 2026, Plaintiffs filed their Opposition to Defendant's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge, effectively arguing that the Magistrate's June 2nd Order should *not* be disturbed. On July 1, 2026, the Court *denied* Defendant's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge. (Dkt. No. 61)

Having received none of the ordered Sample Group Moveout Records by July 1, 2026, Plaintiff began meeting and conferring with Defendant. On July 6, Plaintiff sent a comprehensive meet and confer correspondence, and the parties thereafter engaged in voluminous meet and confer efforts toward a resolution, including no fewer than 3 zoom conferences and 20 substantive emails. As a result, on July 22, 2026, the Defendant served its first of many anticipated productions in an effort to complete production of all Sample Group Moveout Records. However, based on its

counsel's own review of records at certain of Defendant's properties and the review and analysis of Defendant's third-party vendor, KLDiscovery, Defendant represents that it will take Defendant, its attorneys and its vendor approximately 60 days to complete the entire rolling production of the Sample Group Moveout Records for the entire 10% sample moveouts. Thus, Defendant estimates the production of all Sample Group Moveout Records will be completed by October 1, 2026.

Defendant represents that the reasons this production is so time consuming are as follows:

- The Sample Group Moveout Records consist of paper documents contained in more than 6,000 individual tenant files which must be scanned and labeled by tenant name so that they are produced as they are kept in the regular course of business. As a result of the parties' meet and confer efforts, Plaintiffs narrowed the scope of the documents Defendant needed to produce, from the entire file (on average about 200 pages, including such documents as leases) to the Sample Group Moveout Records (on average about 20 pages). Scanning and labeling the documents takes about 12-15 minutes per tenant file.
- Through additional investigation, Defendant determined and represents that the Sample Group Moveout Records also consists of invoices that substantiate deposit deductions, which are maintained in the regular course of business in bulk electronic format. For each complex at issue, Defendants' property managers scan invoices as they are received and submit them to Defendant's central accounting department for payment. Submission of invoices occurs about two to three times per month. Thereafter, for each complex, the ESI is stored in folders as follows: Complex Name → Year → Month → Submission No. (e.g., 1, 2, 3). Each submission may contain upwards of 110 invoices, some which are invoices for legal services or other services unrelated to tenant moveout charges, which must be redacted or removed.

- The scans and ESI must be reviewed prior to service on Plaintiffs. Simply put, the undertaking from Defendant's perspective is massive and takes substantial amounts of time.

Defendants are working with KLDiscovery to utilize a review platform and software/AI to expedite the process.

Given the claims and defenses in this action, the Parties agree the outstanding Sample Group Moveout Records are essential in order to intelligently mediate and adjudicate the class certification issue and liability and damages in this case. Specifically, the Sample Group Moveout Records contain the tenant moveout statements memorializing the deductions from tenants' security deposits, as well as the corresponding invoices, receipts, bills and other substantiating records that Defendant alleges it sent to the vacating tenants in the sample group. Such records are directly relevant to the crux of the claims and defenses in this lawsuit.

Additionally, once the document production is complete, the parties will need time to have their attorneys and experts analyze these records, and they will need time to complete depositions of Plaintiffs and of Defendant's Rule 30(b)(6) witnesses and key employees before briefing the certification motion. Once Defendant completes production of all Sample Group Moveout Records, the parties estimate needing approximately 90 additional days within which to analyze the records, complete depositions and draft the moving class certification papers.

The currently calendared deadlines relevant to this Stipulation are as follows:

- August 15, 2026: Expert Designation Cutoff;
- September 30, 2026: Discovery Cutoff;
- October 1, 2026: Motion for Class Certification Filing Deadline;
- October 15, 2026: Opposition to Motion for Class Certification Filing Deadline;
- October 23, 2026: Reply in support of Motion for Class Certification Filing Deadline;
- November 19, 2026: Hearing on Motion for Class Certification.

Based on all of the foregoing, the parties agree that they need to continue all of the forgoing dates and deadlines by approximately 120 days. More specifically, the Parties hereby respectfully request the Court modify the present dates and deadlines as follows:

| **Present Schedule of Dates and Deadlines** | **Proposed *Modified* Schedule of Dates and Deadlines** |
| --- | --- |
| • **August 15, 2026:** Expert Designation Cutoff;<br>• **September 30, 2026:** Discovery Cutoff;<br>• **October 1, 2026:** Motion for Class Certification Filing Deadline;<br>• **October 15, 2026:** Opposition to Motion for Class Certification Filing Deadline;<br>• **October 23, 2026:** Reply in support of Motion for Class Certification Filing Deadline;<br>• **November 19, 2026:** Hearing on Motion for Class Certification. | • **December 15, 2026:** Expert Designation Cutoff;<br>• **December 30, 2026:** Discovery Cutoff;<br>• **January 8, 2027:** Motion for Class Certification Filing Deadline;<br>• **January 22, 2027:** Opposition to Motion for Class Certification Filing Deadline;<br>• **January 29, 2027:** Reply in support of Motion for Class Certification Filing Deadline;<br>• **February 26, 2027:** Hearing on Motion for Class Certification. |

## IV. GOOD CAUSE FOR CONTINUANCE

Good cause exists to continue the Discovery Cutoff and Expert Disclosure Deadlines and for the following reasons:

First, Plaintiffs will be prejudiced if the requested continuance is not granted. The parties have made diligent efforts to conduct discovery, despite numerous disputes, some of which have necessitated Court intervention. However, Plaintiff cannot possibly be in position to exchange experts by August 15 and file their Motion for Class Certification by October 1, 2026, because

Defendant will not have completed its production of the Court-ordered Sample Group Moveout Records until October 1, 2026. Though the parties have made significant progress toward resolving their discovery disputes – including their disputes regarding the production of the indispensable paper Sample Group Moveout Records, the Defendant did not produce the Sample Group Moveout Records by the Court-ordered deadline of July 1, 2026. The parties agree that Defendant's failure to produce the records by this date was not Plaintiffs' fault; thus Plaintiffs should not be penalized by the delay. However, if the continuances requested herein are not granted, Plaintiffs will be irreparably prejudiced in that they will be forced to proceed to file a Moton for Class Certification with incomplete records and without an expert report.

Second, the requested continuance will alleviate the obvious prejudice that will otherwise result from the delay in Defendant's production. Since July 1, 2026, the Parties have met and conferred no fewer than 20 times via email, telephone and Zoom. As a result, they have identified a solution: Defendant, with the benefit of its third-party vendor, will comply with the Court order (Dkt. No. 57), albeit belated, by continuing their rolling production of the balance of the Sample Group Moveout Records as quickly as possible, with production of the entire Sample Group Moveout Records to occur no later than October 1, 2026. Plaintiffs represent that this timing is acceptable if, and only if, the Court grants this Stipulation to continue the Moton for Class Certification briefing as requested by the Parties; otherwise, Plaintiffs reserve all rights to seek other available relief. While Plaintiffs have only begun to receive a fraction the paper Sample Group Moveout Records, the balance of those records are expected to be produced by October 1, 2026; thus, if those records are produced and the requested continuance is granted, Plaintiff will continue to have approximately the same amount of time to prepare for Class Certification as they would have had the documents been produced in their entirety by July 1, 2026 as ordered.

Third, without this additional time neither party will be prepared to mediate or brief the class

certification issue. As stated, these Sample Group Moveout Records are essential not only for class certification and trial, but also for an intelligent mediation and exposure analysis.

## V. JOINT STIPULATION

Based on the foregoing, the Parties hereby stipulate and agree, subject to Court approval, to modify the Class Certification hearing and briefing dates, and the expert exchange and discovery cutoff dates as follows:

| **Present Schedule of Dates and Deadlines** | **[Proposed] *Modified* Schedule of Dates and Deadlines** |
|---|---|
| • **August 15, 2026:** Expert Designation Cutoff;<br>• **September 30, 2026:** Discovery Cutoff;<br>• **October 1, 2026:** Motion for Class Certification Filing Deadline;<br>• **October 15, 2026:** Opposition to Motion for Class Certification Filing Deadline;<br>• **October 23, 2026:** Reply in support of Motion for Class Certification Filing Deadline;<br>• **November 19, 2026:** Hearing on Motion for Class Certification. | • **December 15, 2026:** Expert Designation Cutoff;<br>• **December 30, 2026:** Discovery Cutoff;<br>• **January 8, 2027:** Motion for Class Certification Filing Deadline;<br>• **January 22, 2027:** Opposition to Motion for Class Certification Filing Deadline;<br>• **January 29, 2027:** Reply in support of Motion for Class Certification Filing Deadline;<br>• **February 26, 2027:** Hearing on Motion for Class Certification. |

///

///

///

///

///

**VI. CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court approve this Joint Stipulation and enter an order continuing the Discovery Cutoff and Expert Disclosure and Cutoff Deadlines as set forth above.

Dated: July 27, 2026 **HOGUE & BELONG**

By: ______________________
TYLER J. BELONG
JEFFREY L. HOGUE
Attorneys for Plaintiffs

Dated: July 27, 2026 **COLLINS & COLLINS LLP**

By: ______________________
TREVOR B. MCCANN
R. ERNEST MONTANARI
MICHELLE C. JACKSON
Attorneys for Defendant

**ORDER**

Upon stipulation of the parties, with good cause appearing, **IT IS HEREBY ORDERED** that expert disclosure deadline, the discovery cutoff deadline, and the hearing and briefing for the motion for class certification are all continued to the following respective dates:

- **December 15, 2026:** Expert Designation Cutoff;
- **December 30, 2026:** Discovery Cutoff;
- **January 8, 2027:** Motion for Class Certification Filing Deadline;
- **January 22, 2027:** Opposition to Motion for Class Certification Filing Deadline;
- **January 29, 2027:** Reply in support of Motion for Class Certification Filing Deadline;
- **February 26, 2027:** Hearing on Motion for Class Certification.

All other dates and deadlines remain unaltered.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: July 28, 2026

HONORABLE ARACELI MARTÍNEZ-OLGUÍN